UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



LISA D. BURNER,

                Plaintiff,

v.                                       Civil Action No. 3:10CV770

CLOUD & TIDWELL, LLC

Serve:  Brian M. Cloud, Registered Agent
        1625 Richard Arrington Blvd. S.
        Birmingham, Alabama 35205

                Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337. Venue in this District is proper in that the defendant transacted business in this state and the plaintiff chooses to bring this action here.

### *III. PARTIES*

3. Plaintiff, Lisa Burner, is a natural person residing in Woodstock, Virginia.

4. Defendant, Cloud & Tidwell is a limited liability corporation engaged in the business of collecting debts in this state with its principal place of business located in Birmingham, Alabama. One of the principal purposes of Cloud & Tidwell is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### *IV. FACTUAL ALLEGATIONS*

6. On June 25, 2010, Defendant called Plaintiff at her place of employment, Custom Printed Products, in Woodstock, Virginia. Defendant left a message with her employer for Plaintiff requesting that she call Defendant regarding an important matter. A copy of the message taken from Defendant is attached as **EXHIBIT A.**

7. On June 26, 2010 at approximately 1:00 p.m., Defendant called Plaintiff at her place of employment again and spoke to Plaintiff. The caller stated he was calling on behalf of Defendant regarding an alleged debt with Dr. Zale, Plaintiff's dentist. Plaintiff stated she was "at work" and that "she could lose her job by talking on the phone" and pleaded with him to let her call back after work since her employer prohibited these types of calls. She tried to give him her house number but he would not let her get off the phone. Defendant collector stated that if Plaintiff did not make three payments of $77 or

pay the debt in full, that the debt would go up to $1,500, Defendant would take her to court and her wages would be garnished.

8. Plaintiff was afraid of what might happen if she did not pay Defendant in full immediately and so on June 29, 2010 she mailed Defendant a money order for the full payment they requested.

9. On July 1, 2010, despite knowing calls to her employer were prohibited, Defendant called Plaintiff at her place of employment again and spoke to Plaintiff. Plaintiff told Defendant she had mailed Defendant a money order for the full amount they had requested.

10. Plaintiff received a letter from Defendant dated July 1, 2010, requesting payment for the alleged debt with Dr. Zale. See **EXHIBIT B**.

11. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA by communicating with the debtor at places known to be inconvenient to my client, including her place of employment despite being repeatedly told to stop and that these calls were prohibited by her employer. §1692c(a)(1&3));

12. As a result of the acts alleged above, plaintiff suffered actual damages, including embarrassment and emotional distress, while at her place of employment.

### V. FIRST CLAIM FOR RELIEF

13. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs.

3

14. Defendant violated the FDCPA as noted above.

15. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for plaintiff's actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. §1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

**Respectfully submitted,**

**LISA D. BURNER**

_____
Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com
    Counsel for Plaintiff

4